TORBERT, Chief Justice
(concurring specially).
Because of the unusual circumstances of these cases, I agree that the plaintiffs are entitled to have the trial court rule upon the legal sufficiency of their amended complaints. By concurring specially, I reserve the question generally whether a plaintiff, without leave of court, may amend a complaint dismissed on motion more than ten days after the service of the order of dismissal. See Rule 78, ARCP.
The trial judge ruled promptly on defendant’s Rule 12(b)(6) motion that plaintiffs’ original complaints fail to state a claim upon which relief could be granted (May 14, 1976). However, it appears from the record that the trial judge, for reasons unknown, delayed further action for more than two years after plaintiffs filed amended complaints (June 4, 1976), defendants filed a motion to dismiss the amended complaints (June 8, 1976), and plaintiffs filed their motion to set aside the previous order of dismissal and/or leave to amend their complaints (June 11, 1976). Although plaintiffs’ motion to set aside the previous dismissal and/or leave to amend their complaints was submitted to the trial court on June 25,1976, and again on July 12, 1977, it was not until October 24, 1978, that the court entered an order denying plaintiffs’ motion to set aside and/or leave to amend the complaints.
Although the trial judge ultimately denied plaintiffs’ motion to set aside the previous dismissal and for leave to amend, and plaintiffs subsequently appealed to this Court, these appeals were dismissed as untimely filed due to the application of our Rule 59.1, ARCP. See Holt v. First National Bank of Mobile, 372 So.2d 3 (Ala.1979). Thus, this Court never reached the merits as to the legal sufficiency of plaintiffs’ complaint.
Under the clear intent and spirit of our rules of procedure (Rule 1, ARCP), the trial court should have timely disposed of the parties’ subsequent motions and pleadings. The merits of the legal sufficiency of plaintiffs’ original complaints cannot now be reviewed by this Court, and plaintiffs’ amended complaints have yet to be reviewed by any court, almost four years after the plaintiffs filed their actions. Under any concept of court procedure, the issue as to the legal sufficiency of plaintiffs’ complaints should have been decided long before now.
MADDOX, J., concurs.